Arasto Farsad, ESQ. (SBN 273118)
FARSAD LAW OFFICE, P.C.
2905 Stender Way, Suite 76
Santa Clara, California 95054
Telephone Number: (408) 641 – 9966
Facsimile Number: (408) 866 – 7334
Email Address: FarsadLaw1@gmail.com

Attorney for Plaintiff:
ROMEO MALLARI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ROMEO MALLARI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CIT GROUP, INC. d/b/a CIT BANK, N.A. and DOES 1-10 inclusive,<br><br>　　　　Defendant(s). | Case No.: _____<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Violation of California Civil Code § 2923.6 (c);<br><br>2. Violations of California Business & Professions Code § 17200 *et seq.*;<br><br>3. Negligence; and<br><br>4. Breach of the Implied Covenant of Good Faith and Fair Dealing.<br><br><u>Subject Property Address</u>: 2712 Clarion Court, San Jose, CA 95148 |

　　　Now Comes ROMEO MALLARI ("Plaintiff"), by and through his counsel, Arasto Farsad of

Farsad Law Office, P.C., in bringing the instant Complaint for Damages and Equitable Relief against

- 1 -

Verified Complaint for Damages and Equitable Relief

Defendant CIT GROUP, INC. d/b/a CIT BANK, N.A. (Hereinafter, "Defendant") and DOES 1 to 10, inclusive.

## I. INTRODUCTION

This case is being filed to address the wrongful initiation of foreclosure proceedings with regard to Plaintiff's home located at 2717 Clarion Court, San Jose, CA 95148. (Hereinafter, the "Subject Property".) Plaintiff had a loan modification application under review for the Subject Property when Defendant recorded a Notice of Default ("NOD") on October 7, 2015. That application had not been denied and was pending a decision at the time of recordation of the NOD. Pursuant to California Civil Code Section 2923.6(c), Defendant was barred from recording this NOD until after a decision had been made on the application.

Furthermore, Defendant erroneously denied Plaintiff's most recent loan modification application from July of 2016. Defendant's reason for denying Plaintiff's application was a claim of "no material change in financial circumstances" from his April 2016 loan modification application. Plaintiff however, in his most recent loan modification application submitted on July 5, 2016, showed more than double the income provided in the April of 2016 application. Pursuant to this increase in income, Plaintiff readily qualified for either a Government or in-house loan modification. Plaintiff appealed the denial as it was blatantly false, but Defendant did not, and has not, remedied the error. Plaintiff accordingly has no other option but to file the instant suit to protect his home / the Subject Property.

## II. PARTIES

1. At all times mentioned herein, Plaintiff is an individual residing in the County of Santa Clara, State of California.

2. At all relevant times, CIT GROUP, INC. d/b/a CIT BANK, N.A. ("CIT BANK, N.A.") is a Delaware Corporation authorized to do business in the State of California. CIT BANK, N.A. is a large mortgage servicer within the meaning of California Civil Code Section 2924.12.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1–10, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will seek to leave

- 2 -
Verified Complaint for Damages and Equitable Relief

of court to amend this complaint to allege their true names and capacity(s) when they have been ascertained. Plaintiff is informed and believes that each of the designated DOE Defendants, including any such Defendants that may be agents, representatives, or parents or subsidiary corporations of the named Defendants, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff was proximately caused by them in addition to Defendants.

### III. JURISDICTION & VENUE

4. This court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Plaintiff is a citizen of California, and CIT GROUP, INC. d/b/a CIT BANK, N.A. is a DELAWARE corporation with its corporate headquarters in New York and, hence, is a citizen of New York for purposes of diversity jurisdiction. (The corporate headquarters address is 11 West 42nd Street, New York, NY 10036.)

5. Venue is proper in the Northern District of California according to 28 U.S.C. § 1391(b) because a substantial part of the actions or omissions giving rise to this action occurred within this district and the property that is the subject of this action is situated in this district.

### II. GENERAL ALLEGATIONS

6. At all relevant times mentioned herein, Plaintiff has been the owner of the real property located at 2712 Clarion Court, San Jose, CA 95148. The Property is Plaintiff's primary residence and he resides there with his wife and children.

7. Plaintiff has owned the Property since December 16, 2004. Plaintiff re-financed the primary mortgage on the Subject Property with an $850,000.00 loan from Defendant's predecessor-in-interest, First Federal Bank.

Verified Complaint for Damages and Equitable Relief

8. In early 2010, Plaintiff defaulted on the primary mortgage after the payments adjusted to an unaffordable amount. (Plaintiff's loan was a typical predatory adjustable rate mortgage.)

9. On April 27, 2010, Plaintiff's loan was transferred from First Federal Bank to Defendant. Plaintiff contacted Defendant to discuss possible foreclosure alternatives. Defendant told Plaintiff to apply for a loan modification and that they would review him for both the Making Homes Affordable ("HAMP") loan modification program, as well as their own in-house modification. Plaintiff then submitted his first loan modification application.

10. In October of 2015, Plaintiff was under active review for a loan modification. No decision had been made on the application. Defendant however, on October 7, 2015, filed a Notice of Default ("NOD") on the Subject Property. (A true and correct copy of this NOD is attached hereto as **Exhibit 1**.)

11. A Notice of Trustee Sale ("NTS") based on the October 7, 2015 NOD was then filed on January 8, 2016. This NOD and the NTS were filed during active loan modification review in violation of California's bar on "dual tracking" under Civil Code Section 2923.6.

12. This application was subsequently denied in December of 2015. Plaintiff then reapplied for a loan modification in January of 2016. This application was then denied on April 11, 2016. The reason for the denial: "[W]e have not received evidence of a material change in financial circumstances from the previous request for mortgage assistance . . . ." (A true and correct copy of this application denial is attached hereto as **Exhibit 2**.)

13. On July 5, 2016, after experiencing a significant change in his financial circumstances from his last loan modification application, Plaintiff again applied for a loan modification. Plaintiff's business income had increased <u>more than double</u> from his January of 2016 application. Plaintiff had obtained a big contract for his printing and label business.

14. This modification application however, was subsequently denied on September 14, 2016. Defendant stated that the application had been denied because "there had not been a material

- 4 -

Verified Complaint for Damages and Equitable Relief

change in financial circumstances from Plaintiff's most recent application". As this was a blatant error, Plaintiff formally appealed this denial on October 4, 2016. Defendant refused to correct their error and stood by their decision.

15. It's now obvious to Plaintiff that Defendant did not review his most recent loan modification application in good faith and is solely focused on selling Plaintiff's home at non-judicial foreclosure sale. A sale date is currently scheduled for November 9, 2016. (A true and correct copy of the foreclosure profile for the Subject Property is attached hereto as **Exhibit 3**.) Plaintiff has no other option but to file the instant lawsuit to protect his interest(s) in the Subject Property.

## Cal. Civil Code Section 2923.6 / California's Homeowners Bill Of Rights

16. The California Legislature enacted the Homeowners Bill of Rights ("HBOR") to ensure that qualified distressed borrowers were given the opportunity to apply for available foreclosure prevention alternatives, before their mortgage servicers can commence / complete non-judicial foreclosure sales.

17. Specifically, HBOR provides the following relevant protections to Plaintiff and other borrowers:

   a. Places the burden of compliance on the "mortgage servicer," which California Civil Code Section 2920.5(a) defines as the person servicing the loan, or that entity that is responsible for interacting with a borrower, either as the current owner of the note or as the owner's agent;

   b. Broadly defines "[f]oreclosure prevention alternative" as any available loss mitigation option, including a first lien loan modification (Cal. Civ. Code Section 2920.5(b));

   c. Requires large mortgage servicers to establish a Single Point of Contact ("SPOC"), either an individual or team of individuals, with knowledge of the loan and loan status, including any foreclosure prevention program that the borrower has applied for. This individual must be available to provide borrowers with loan status updates, to coordinate receipt of documents, and further work with the borrower

- 5 -

Verified Complaint for Damages and Equitable Relief

after a request for assistance has been made. The SPOC also must have access to decision-maker (Cal. Civ. Code Section 2923.7); and

   d. Grants borrowers the right to seek injunctive relief for material violations of the protections provided. Borrowers can seek attorney's fees as well, and if a foreclosure sale occurs, borrowers can seek actual damages suffered as result of the servicer's material violation(s) and statutory or treble damages (Cal. Civ. Code Section 2924.12).

18. HBOR brings basic fairness, accountability, and transparency to the foreclosure process.

### III. FIRST CAUSE OF ACTION
**Violation of the California
Civil Code Section 2923.6(c)**

19. Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth in this cause of action.

20. Civil Code section 2923.6 (c) states as follows: "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

   (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

   (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

   (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

- 6 -

Verified Complaint for Damages and Equitable Relief

>(d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.
>
>(e) If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:
>
>>(1) Thirty-one days after the borrower is notified in writing of the denial.
>>
>>(2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer. (f) Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following:
>>
>>>(1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial.
>>>
>>>(2) If the denial was based on investor disallowance, the specific reasons for the investor disallowance...." (*Emphasis added*)

21. Defendant violated Civil Code Section 2923.6. Specifically, Defendant "dual tracked" Plaintiff's loan modification application (from October of 2015) by recording the NOD and NTS before the loan modification application had been formally denied in writing and before the denial appeal period had expired under section 2923.6(c)(1).

22. Defendant's failure to comply with the provisions of Civil Code Section 2923.6(c) undermines the intent of the statute. As a direct and proximate result of Defendant's violation, Plaintiff has

- 7 -

Verified Complaint for Damages and Equitable Relief

suffered, and will continue to suffer, substantial and irreparable injury from the imminent loss of his Property. (Note: the October 2015 NOD and January 2016 NTS are currently being used to foreclose on the Subject Property.)

23. Defendant's conduct has caused Plaintiff actual damages, including, but not limited to, the imminent loss of the Property to foreclosure; unnecessary loan arrears, late fees, penalties; and attorney fees and costs.

24. Accordingly, Plaintiff is entitled to recover his actual damages and attorney's fees. In addition, because Defendant's conduct was intentional, reckless, and/or willful, Plaintiff is entitled to the greater of the treble actual damages or statutory damages of fifty thousand dollars ($50,000.00).

## IV. SECOND CAUSE OF ACTION
**Violations of California Business and Professions Code Section 17200 *et seq*.**

25. Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth in this cause of action.

26. Defendant's conduct, as alleged above, violates California Business and Professions Code Section 17200 et seq., commonly referred to as the Unfair Competition Law or "UCL." California Business and Professions Code Section 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." At all relevant times, Defendant was a loan servicer in the business of servicing residential mortgages and was acting within the scope of that business with regard to the loan provided to Plaintiff.

27. Defendant has committed acts of unfair competition as proscribed by California Business and Professions Code § 17200. Specifically, Defendant engaged in unfair business practices by:

Verified Complaint for Damages and Equitable Relief

I. "Dual tracking" Plaintiff's loan modification application from October of 2015 by recording the NOD and NTS before the loan modification application had been formally denied in writing and before the denial appeal period had expired under section 2923.6(c)(1); and

II. Not properly reviewing Plaintiff's most recent loan modification application from July of 2016 after Plaintiff clearly provided Defendant with a <u>significant, documented change in his financial circumstances</u>.

28. These acts constitute "unfair" business acts under California Business and Professions Code Section 17200 et seq. because they offend public policy and are substantially injurious to Plaintiff and all consumers. These acts have no utility and do not outweigh the substantial harm to Plaintiff and other distressed homeowners.[1]

29. Defendant's actions are against public policy because the California legislature enacted the Cal. Civ. Code Section 2923.6 et. seq. to prevent this exact type of conduct. Defendant's practices also constitute "fraudulent" business practices under Section 17200 as it is likely to deceive the public and affect consumers' legal rights and obligations.

---

[1] In *Perez v. Citimortgage, Inc.*, 2014 WL 2609656 (C.D. Cal. June 10, 2014): The "unfair" prong of a UCL claim is satisfied, according to this court, if "the gravity of the harm to the [borrower] outweighs the utility of the [servicer's] conduct." The court considered the "public policy" test, which looks for conduct that is "tethered to an underlying constitutional, statutory or regulatory provision," but chose the broader approach instead. The court then applied the balancing test to borrower's complaint. Borrower alleged servicer failed to comply with HAMP in executing its loss mitigation programs, failed to supervise its employees properly, sent borrower conflicting messages, and "routinely demand[ed] information it already had, and fail[ed] to communicate accurately or consistently with [borrower] about the status of his loan modification application." Essentially, borrower identified the nearly ubiquitous allegations brought by borrowers in foreclosure cases: that servicer's mishandling of loan modifications led to a deliberately drawn-out and unsuccessful process. The gravity of borrower's harm – never knowing if he would receive a modification or if he should take other steps to avoid foreclosure—outweighs the utility of servicer's delay of the modification process. The court denied servicer's MTD borrower's "unfair" prong UCL claim.

- 9 -

Verified Complaint for Damages and Equitable Relief

30. Plaintiff is informed and believes, and thereon alleges, that the actions of the Defendant are a serious threat to Plaintiff because these acts have allowed Defendant to wrongfully foreclose on the Subject Property.

31. As direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices, Plaintiff has suffered, and will continue to suffer, substantial and irreparable injury from the imminent loss of his Property.

32. Accordingly, Defendant should be enjoined from doing such practices, pursuant to California Business and Professions Code Sections 17203 and 17204.  Plaintiff should also be entitled to damages, including restitution / disgorgement of all benefits, compensation, earnings, profits, and revenues obtained by Defendant as a result of Defendant's misconduct.

## V. THIRD CAUSE OF ACTION
### Negligence

33. Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth in this cause of action.

34. Defendant's conduct, as alleged above, was negligent because it violated several provisions of California Civil Code Section 2923.6.

35. The elements of the cause of action of negligence are: (1) a legal duty to use due care; (2) a breach of that duty: (3) a reasonably close, causal connection between that breach and the plaintiff's resulting injury; and (4) actual loss or damage to the plaintiff.[2]

---

[2] *People v. Young*, 20 Cal. 2d 832, 129 P.2d 353 (1942); *Ahern v. Dillenback*, 1 Cal. App. 4th 36, 1 Cal. Rptr. 2d 339 (1991); *see also* California Civil Code §1714(a) ("everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself").

- 10 -

Verified Complaint for Damages and Equitable Relief

36. In the context of loans, it is true that courts have held that in a standard lender-and-borrower relationship, a duty of care is not necessarily created.  Generally, a financial institution "owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as mere lender of money."[3]

37. The *Nymark* court, however, simply found that a duty was not owed under the facts of that case after analyzing them according to the six-part test established in *Biakanja v. Irving*.[4]

38. The *Biakanja* factors for determining whether to recognize a duty of care are: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm.

39. **The extent to which the transaction was intended to affect Plaintiff**.  The California Legislature enacted Civil Code Section 2923.6 to protect distressed borrowers applying for loan modifications. Accordingly, this transaction was solely intended to affect Plaintiff.

40. **The foreseeability of harm to Plaintiff**.  The harm to Plaintiff by Defendant's refusal to provide a fair and meaningful opportunity to be evaluated for loan modification is apparent. Plaintiff stands to lose his only home to foreclosure.

41. **The degree of certainty that Plaintiff suffered injury**.  Plaintiff is currently a qualified borrower under loan modification program criteria, and would likely be given a loan modification if he were properly assessed for one.

42. **The closeness of the connection between Defendant's conduct and the injury suffered**.  There is a direct connection between Defendant's conduct and the injury(s) suffered. If Defendant would

---

[3] *Nymark v. Heart Federal Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (3rd Dist. 1991).
[4] *Biakanja v. Irving*, 49 Cal. 2d. 647, 650-651 (1958).

Verified Complaint for Damages and Equitable Relief

have properly assessed Plaintiff's most recent loan modification application, it is likely that Plaintiff would have received a loan modification. In addition, Defendant should have been aware that they could not record either an NOD or NTS during active loan modification application review. (Re: the October of 2015 pending loan mod application.)

43. **The moral blame attached to Defendant's conduct**. Defendant's willful violations of California Law are reprehensible.

44. **The policy of preventing future harm**. Until the law holds mortgage loan servicers such as the Defendant liable for their misconduct, the abuse will continue, as well as the corresponding consumer lawsuits.

45. Accordingly, after analyzing all six factors under the *Biakanja* test, Defendant in this case owed a duty to protect Plaintiff from harm to either his person or property.

46. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered, and will continue to suffer, substantial and irreparable injury from the loss of his Property. Defendant's negligence has caused actual damages, including, but not limited to, the imminent loss of his Property to foreclosure; unnecessary loan arrears, late fees, penalties and attorney fees.

## VI. FOURTH CAUSE OF ACTION
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

47. Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth in this cause of action.

48. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits under the agreement. This covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This

covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the contract.

49. The terms of the Promissory Note and DOT imposed upon Defendant, as the claimed assignees of the subject mortgage loan, a duty of good faith and fair dealing. Because the assignment transfers the interest of the assignor to the assignee[5], the assignee "stands in the shoes" of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment.[6]

50. Defendant enjoys substantial discretionary power affecting the rights of Plaintiff during the events alleged in this complaint. Defendant is required to exercise such power in good faith. Defendant however, breached the implied covenant of good faith and fair dealing by (1) recording the NOD in October of 2015 during active loan modification review; and (2) by denying Plaintiff's July 2016 loan modification without proper review / for a sham reason (as Plaintiff clearly showed that material change in financial circumstances had occurred since his prior loan mod application).

51. Defendant unfairly denied Plaintiff with an opportunity to save his Property, and thus interfered with his right to receive the *benefit of the bargain* under the promissory Note and DOT.

52. As a direct and proximate result of Defendant's breach of this covenant, Plaintiff has suffered injury in fact, such as the imminent loss of his property, the destruction of his credit, and unnecessary payments in the form of foreclosure penalties and attorney's fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For an Order Barring / Enjoining the Defendant and any of its agents, employees, etc. from

---

[5] *Manson, Iver & York v. Black*, 176 Cal. App. 4th 36, 49 (Cal. App. 5th Dist. 2009).
[6] *Johnson v. County of Fresno*, 111 Cal. App. 4th 1087, 1096 (Cal. App. 5th Dist. 2003).

- 13 -
Verified Complaint for Damages and Equitable Relief

foreclosing, selling, or transferring Plaintiff's Property;

2. For compensatory damages sustained by Plaintiff due to Defendant's wrongful acts in an amount to be proven at trial;

3. For punitive damages against Defendant for the intentional wrongful acts;

4. For reasonable attorneys' fees and costs of suit, and all other relief granted under California Civil Code § 2924.12(i); and

5. For such other and further relief as this court deems just and appropriate.

/s/ *Arasto Farsad*  
Arasto Farsad, Esq.  
Attorney for Plaintiff  
ROMEO MALLARI

Dated: **October 13, 2016**

## VERIFICATION OF PLAINTIFF

I, ROMEO MALLARI, hereby declare as follows:

1. I am the Plaintiff in the above entitled case and I have reviewed the instant Verified Complaint for Damages and Equitable Relief. (The "Complaint".)

2. I hereby state that I am familiar with the facts / information contained in the Complaint.

3. I declare and verify that the facts set forth in the Complaint are true and correct to the best of my knowledge, except as to those matters stated on information and belief. As to those matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury of the laws of the United States that foregoing is true and correct. This verification was executed on **October 13, 2016, at San Jose, California**.

*Signed: /s/ Romeo Mallari*  
ROMEO MALLARI, Plaintiff

- 14 -

Verified Complaint for Damages and Equitable Relief